In the Matter of a CHILD UNDER
EIGHTEEN (18) YEARS OF
AGE.

No. 98–428–M.P.

Supreme Court of Rhode Island.

March 11, 1999.

Janice M. Weisfeld, Paula Rosin, Providence.

Andrea J. Mendes, Aaron L. Weisman, Providence.

## ORDER

This case came before the Supreme Court on March 1, 1999, pursuant to an order directing the parties to show cause why the issues raised in this petition for certiorari should not be summarily decided. After hearing the arguments of counsel and after reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, we shall proceed to decide the case at this time.

On December 12, 1994, after a delinquency petition[1] was filed, petitioner, then aged 15½, admitted sufficient facts to establish the offense of second-degree child molestation. The Family Court imposed probation and a suspended sentence, each conditioned upon (1) petitioner's attendance at and cooperation with sex-offender counseling, and (2) petitioner having no contact with the victim. Shortly after his disposition, petitioner moved to the State of Washington with his family. The Rhode Island probation department did not forward to Washington the "interstate package" required to be sent in accordance with the Interstate Compact on Juveniles, G.L.1956, § 14–6–1 Art. VII(a) and § 14–6–9. Consequently, probation transfer did not occur for purposes of monitoring petitioner's compliance with the conditions of his probation.

On August 5, 1996, petitioner's case came before the Family Court on a scheduled review. Present at this hearing were an assistant public defender and petitioner's probation officer. Although the Attorney General's office presumably had notice of the review because an assistant attorney general was present at the hearing during which the case was continued to August 5, 1996, the attorney general's office was unrepresented at the hearing. The probation officer informed the court that petitioner had completed some individual counseling—apparently unrelated to his offense—and that petitioner had been in "no further trouble." Upon the recommendation of the probation officer, the court closed the petition. The petitioner was notified that his period of probation ended.

After having been informed by the victim's mother that petitioner was moving back to Rhode Island, the Attorney General's office moved to "reopen" the case "to ensure that the interstate order is properly executed and, more importantly, to ensure that this Respondent engage in the sex offender treatment that has been ordered by the Court as a condition of probation." The Court granted the motion to reopen the case on January 23, 1997, after the state argued that it had not been in the courtroom on August 5, 1996, to present its position. The case was reopened, and petitioner's probationary status was reinstated. Though present at the hearing, the public defender filed no appeal from the reinstatement order. The petitioner alleged that he had received no notice of the January 23, 1997 proceeding nor did he receive notice that his probation had been reinstated.

On June 17, 1998, petitioner moved to vacate the order reopening the case. This

---

1. In accordance with G.L.1956 § 14–1–11, the Family Court assumes jurisdiction over a juvenile alleged to be delinquent through the filing of a petition. Section 14–1–11 provides in pertinent part that "[t]he filing of a petition constitutes assumption of jurisdiction over the child. * * * [A]ny appropriate person having knowledge, information, or belief of the material facts that appear to warrant a petition may be a petitioner under this chapter * * *."

motion was denied on August 13, 1998, following which petitioner filed petitions for habeas corpus and for certiorari to review the denial of his motion to vacate the reopening of the probationary status. The Court denied the petition for habeas corpus and issued the writ of certiorari.

The petitioner argued on review that (1) the Family Court lacked jurisdiction to hear the State's motion to reopen the case, (2) the order reopening the case and extending probation violated petitioner's state and federal protections against double jeopardy, (3) petitioner's due process rights were violated because he had no actual notice of the motion to reopen, and (4) the trial justice erred in granting the state's motion to reopen because the state had notice of the hearing and could be considered to have been represented by the probation officer, an agent of the state. The state opposed these arguments.

In our opinion, the trial justice acted properly in reopening the case and in reinstating probation. The sentence originally imposed by the Family Court ordered petitioner to attend sex offender counseling but petitioner never did so. The petitioner, therefore, did not fulfill the conditions of his probation. By reopening the case, the trial justice enforced the original sentence, and such action did not violate petitioner's protections against double jeopardy.

The constitutional prohibitions against double jeopardy protect defendants in *criminal prosecutions* against multiple prosecutions or punishments for the same offense. *State v. One 1990 Chevrolet Corvette*, 695 A.2d 502, 505 (R.I.1997). A Family Court proceeding on a juvenile delinquency petition is "one of civil, as opposed to one of criminal, nature." *In re John D.*, 479 A.2d 1173, 1176 (R.I.1984). Therefore the prohibitions against double jeopardy are inapplicable to a Family Court proceeding that determines the delinquency of a juvenile. Additionally, a state does not automatically violate a party's protections against double jeopardy

merely because it seeks to review a sentence already imposed. *U.S. v. DiFrancesco*, 449 U.S. 117, 132, 101 S.Ct. 426, 435, 66 L.Ed.2d 328, 342 (1980).

Moreover, the trial justice's reopening of the case was appropriate here because the state was not represented at the hearing at which the trial justice terminated probation. The petitioner argued that the probation officer, as a representative of law enforcement in this state, represented the state's interests at the August 5, 1996 hearing. We reject this argument and hold that a probation counselor, who is an employee of the department of corrections, does not represent the state in a judicial proceeding. Because the state was unrepresented at that hearing, the court improperly terminated probation and correctly reopened the case once the error became apparent.

We have considered petitioner's other arguments and find them to be without merit.

For these reasons the petition for certiorari is denied and dismissed, and the writ previously issued is quashed. We affirm the proceedings of the Family Court to which we return the papers in the case with our opinion endorsed thereon.